# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00344-CR

**James Allen Mitchell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 31217, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant James Allen Mitchell of one count of aggravated sexual assault of a child and sentenced him to fifty years' imprisonment. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2008). On appeal, appellant raises one issue, complaining that the trial court erred in allowing a witness to testify as an expert "in the absence of proper determination of her qualification" as an expert. We affirm the judgment of conviction.

Appellant was convicted of sexually assaulting the victim, who was at the time about twelve years old, in 1999, when she and her siblings lived with him. Appellant was sent to prison in late 1999 for an unrelated charge and while in prison corresponded with the victim. The victim did not make an outcry until 2003, at which time the police began an investigation. Letters between appellant and the victim were introduced into evidence, and the victim, her sister, and her therapist, among others, testified for the State.

Appellant's sole issue on appeal complains that the trial court should not have allowed Emily Orozco to testify as an expert on sexual offenders. Orozco testified that she was a licensed professional counselor and a state-licensed, sex-offender treatment provider. To obtain a license (formerly a certification) for sex-offender treatment, she completed a 2,000-hour internship under a licensed sex-offender treatment provider. She testified that she runs group therapy and treats adults and juveniles, both male and female, who have committed sex offenses. Appellant objected to Orozco's qualifications and on voir dire asked only whether she had psychology or psychiatric degrees. The trial court overruled appellant's objection and allowed Orozco to testify about the "offense cycle," which occurs when something triggers a sex offender to first fantasize about committing abuse, form a plan, and then begin to implement the plan by grooming his victim and testing her responses. She testified that she had reviewed letters that appellant wrote to the victim after the abuse occurred and while he was in prison, in which he essentially told the victim that when he was released they would have a future together, that he loved her, and that he wanted her to stop dating other boys. Orozco said that in her opinion, appellant used several grooming techniques in the letters to facilitate further sexual contact upon his release—testing the victim's responses, building trust, putting himself on the victim's level and raising her up to his, drawing the victim in, and establishing a relationship with her, all in an attempt to build and maintain control over her. She further testified that the victim's delayed outcry did not surprise her and said that she had no doubt that appellant "has a real problem with his sexual attraction to children." On cross-examination, Orozco testified that she was currently running nine therapy groups, averaging seven or eight individuals per group, and that she had been working as a counselor since 1997.

2

Appellant contends that "[o]nly a minimal inquiry to the qualifications of this witness were made" and that the admission of Orozco's testimony was therefore reversible error.

A trial court may allow an expert to testify if she is "qualified as an expert by knowledge, skill, experience, training, or education"and if the expert's testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Tex. R. Evid. 702. We review a trial court's decision to allow an expert to testify for an abuse of discretion. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). In determining whether a trial court abused its discretion in evaluating an expert's qualifications, we ask whether the field of expertise is complex, how conclusive the witness's opinion is, and "how central is the area of expertise to the resolution of the lawsuit." *Rodgers v. State*, 205 S.W.3d 525, 528 (Tex. Crim. App. 2006). "When the expert is from a nonscientific discipline (i.e., one involving technical or other specialized knowledge, experience, and training as opposed to the scientific method), the test for reliability is: (1) whether the field of expertise is a legitimate one, (2) whether the subject matter of the expert's testimony is within the scope of that field, and (3) whether the expert's testimony properly relies on and/or utilizes the principles involved in the field." *Hardin v. State*, 20 S.W.3d 84, 91-92 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Nenno v. State*, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998), and applying *Nenno* test to probation officer who testified about sex offender's suitability for probation).

Orozco testified that she had a master's degree in counseling and state-issued licenses in counseling and treating sex offenders. She completed a 2,000-hour internship under a certified sex-offender treatment provider and currently treats both male and female sex offenders. Appellant's inquiry into and objection to Orozco's qualifications focused on the fact that she has only a master's degree in counseling, not a doctoral degree in psychology or psychiatry. Although the inquiry into

3

Orozco's qualifications was somewhat brief, we cannot hold that the trial court abused its discretion in determining that by virtue of her nine years of experience and specialized training and treatment of sex offenders, Orozco was qualified to testify about how offenders groom children for abuse. *See Wyatt*, 23 S.W.3d at 28; *Hardin*, 20 S.W.3d at 91-92; *Davenport v. State*, No. 02-05-00170-CR, 2006 Tex. App. LEXIS 5166, at *13-15 (Tex. App.—Fort Worth June 15, 2006, pet. ref'd) (not designated for publication); *Reid v. State*, No. 02-04-00041-CR, 2005 Tex. App. LEXIS 3072, at *3-4 (Tex. App.—Fort Worth Apr. 21, 2005, pet. ref'd) (not designated for publication).

Further, even if there had been error in allowing this testimony, appellant has made no effort to show how this non-constitutional error harmed his substantial rights. *See* Tex. R. App. P. 44.2(b) (error "that does not affect substantial rights must be disregarded"). We note that the victim's therapist also testified about how appellant groomed the victim by flattering her, telling her he missed her and that he wanted to maintain a relationship with her, and making her feel comfortable with him. After reviewing the entire record, we hold that any possible error did not affect appellant's substantial rights. *See id.* We overrule appellant's issue and affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: November 14, 2008

Do Not Publish

4